By the Court.

There must be extreme cruelty, without the fault of the wife, to authorize the Court to liberate her from the control of her husband. But when force and violence [ * 588 ] * are once used without provocation, the woman is unsafe. Such a husband ought not to have power over his wife. The excuse is not made out.
A divorce was decreed, with an allowance of alimony payable quarter yearly, the first quarter to commence on the day of decreeing the divorce.
The counsel for the libellant inquired whether execution should issue for the amount of the instalments, as they should fall due, if not paid.
The Court made an order that execution issue, as the instalments become due, in any county where the Court may be †
(a)

 Note. — At an adjournment of March term in Suffolk, holden m July, Ward pro duced the affidavit of Elizabeth French, alleging that a quarter had some time since expired, and that the instalment then due was not paid, and moved the Court to issue an execution in her favor for the amount due; and he relied on the order passed at the time the divorce was decreed.
The Court doubted their power under the statute to issue execution in this case without notice to the respondent; and at Ward’s motion a rule was made, returnable at the next term in Middlesex, for the said James French to show cause why execution should not issue against him for the sum in arrear, and also why an attachment for a contempt should not be awarded against him.

 [Hill vs. Hill, 2 Mass. Rep. 150, and note. —Evans vs. Evans, Hagg. Con. R. 37—39. — Holden vs. Holden, Hagg. Con. R. 458.— Waring vs. Waring, 2 Phil. 132, 133. — Hulme vs. Hulme, 2 Ad. 27.— Otway vs. Otway, 2 Phil. 95.— Westmeath vs. Westmeath, 2 Hagg. 113. — Oliver vs. Oliver, 1 Hagg. 364. — Harris vs. Harris, 2 Hagg. 148. — 2 Phil. 111. — Kirkman vs. Kirkman, 1 Hagg. 409. — Durant vs. Durant, 1 Hagg. 767, 768. — Ed.]